UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AAKASH DALAL,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**NORTH JERSEY MEDIA GROUP, INC.,** **et al.,**<br><br>      **Defendants.** | Civ. No. 13-1257 (WJM)<br><br>OPINION |

      In March 2013, Aakash Dalal ("Dalal") filed the instant action asserting claims under 42 U.S.C. § 1983 as well as claims under New Jersey law.[1] On June 13, 2014, this Court granted Dalal's consolidation motion, dismissed all § 1983 claims in the Second Amended Complaint against Bergen County, stayed this case pending the entry of a final judgment in the related state criminal proceeding against Dalal, and declined to rule on Dalal's remaining motions until the action recommences. Before the Court is Dalal's motion for a preliminary injunction enjoining the Bergen County Prosecutor's Office from prosecuting Dalal's pending state criminal case and to reopen this action. This motion is decided without oral argument. Fed. R. Civ. P. 78. Based on the reasons set forth below, Dalal's motion for a preliminary injunction and to reopen this case is **DENIED**.

## I.   BACKGROUND

      Dalal was arrested in March 2012 for alleged involvement in the firebombing of synagogues located in Bergen County. (Plaintiff's Brief in Support of Motion for Preliminary Injunction ("Pl. Br.") 7.) Dalal was incarcerated in the Bergen County Jail and Superior Court of New Jersey Judge Liliana DeAvila-Silebi set bail at $2.5 million without the option to post ten percent in cash. (*Id*. at 8.) Dalal alleges that shortly after his arrest, and prior to his first appearance, Assistant Prosecutor Martin Delaney of the Bergen County Prosecutor's Office

---

[1] While on April 29, 2016, Joseph Corozzo filed an appearance as counsel of record on behalf of Dalal, the papers for the instant matter were filed by Dalal *pro se*. (*See* Docket No. 71.)

("BCPO") held multiple media appearances and made allegedly false statements regarding Dalal and the circumstances surrounding his arrest. (*Id.*)

After the first bail hearing and prior to Dalal's indictment on additional charges on August 7, 2013, Dalal was involved in numerous appeals and repeated hearings regarding a reduction of his bail. (*Id.* at 9-10.) Subsequently, Dalal's bail was lowered by the Appellate Division of the New Jersey Superior Court to $1 million in May 2012, and a bail source hearing was set for June 27, 2012. (Aff. Pl. Supp. Mot. Prelim. Inj. ("Pl. Aff."), Ex. 3.) Dalal alleges that at this hearing no one from the BCPO appeared and that it was eventually cancelled and rescheduled by Judge Silebi. (Pl. Br. 12.) According to Dalal's allegations, this sequence of events was undertaken in order for the BCPO to submit fabricated charges against the Plaintiff to a grand jury. (*Id.* at 13.)

While the bail appeals were ongoing, the BCPO alleges that during the course of Dalal's incarceration he conversed with an inmate, identified as W.S., regarding his intention to procure firearms, kill various government officials, and bomb government buildings. (Def. State of New Jersey Attorney General's Opp'n ("Def. Opp.") 3.) Upon reporting these conversations to law enforcement officers, W.S. wore a wire so future conversations with Dalal could be recorded. (*Id.*) According to Dalal, on the day of his originally scheduled bail source hearing, Judge Silebi had issued a new "Complaint-Warrant" and this was the reason for the rescheduling. (Pl. Br. 12.) Subsequently, Dalal's first appearance on the new "Complaint-Warrant" was schedule for the same date and time as the rescheduled bail source hearing, June 29, 2012. (*Id.* at 11-12.) At this hearing, Judge Silebi set bail at $3 million in light of the new charges. (*Id.*) In addition, a search warrant was issued by Judge Silebi on the same day in the afternoon, and its execution allegedly provided corroboration for W.S.'s story. (*Id.*) The additional charges stemming from the "Complaint-Warrant" were put before a Bergen County Grand Jury, which returned on August 7, 2013, an indictment against Dalal for (1) conspiring to murder BCPO Assistant Prosecutor Martin Delaney, (2) conspiring to possess an assault firearm, and (3) threatening to murder BCPO Assistant Prosecutor Martin Delaney. (Def. Opp. 4.) Dalal asserts that a trial date has not been set as of yet. (Pl. Aff. ¶ 35.)

The instant civil action was filed by Dalal on March 1, 2013. One of two filed by Dalal at around the same time, the two actions were consolidated by the

2

Court in its opinion and order dated June 13, 2014.  (Docket Nos. 39, 40.)  In the same opinion, the Court dismissed Dalal's § 1983 claims against Bergen County, granted Defendants' motion to stay this case pending the determination of the related state criminal prosecution against Dalal, and declined to rule on the remaining motions, which included a motion for sanctions and a motion to disqualify the New Jersey Attorney General.  Dalal now files the instant motion for a preliminary injunction to enjoin the BCPO from prosecuting Dalal's pending state criminal case as well as to reopen this action.

## II.   DISCUSSION

Prior to engaging the merits of Dalal's preliminary injunction request, the Court must determine whether the *Younger* abstention doctrine requires this Court to deny Dalal's request and continue to stay this action.

"*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).  The doctrine is based on comity—"a proper respect for state functions." *Younger v. Harris*, 401 U.S. 37, 44 (1971).  Abstention is appropriate "when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges." *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002).  In 2013, the U.S. Supreme Court clarified the scope of the *Younger* abstention doctrine in *Sprint Communications, Inc. v. Jacobs*.  134 S. Ct. 584 (2013).  The Supreme Court noted that "*Younger* is an 'exceptional' remedy to be invoked in only a narrow range of cases," such as "ongoing state criminal prosecutions," "certain civil enforcement proceedings," and "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 137 (3d Cir. 2014) (quoting *Sprint*, 134 S. Ct. at 588) (internal quotation marks and citations omitted).  However, even if a claim falls within an ongoing state criminal prosecution, a court should refrain from abstaining "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction' or 'in other extraordinary circumstances where irreparable injury can be shown.'" *Sixth Angel Shepherd*

3

*Rescue, Inc. v. Schiliro*, 596 F. App'x 175, 178 (3d Cir. 2015) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant motion, Dalal asks this Court to enjoin the BCPO from prosecuting his pending New Jersey state criminal case. Consequently, though the Court noted in its prior opinion that Dalal was not "seeking to enjoin his state criminal prosecution," that appears to no longer be the case. The relief Dalal seeks "is [thus] the paradigmatic situation calling for *Younger* abstention." *Hessein v. Union Cty. Prosecutors Office*, 569 F. App'x 99, 102 (3d Cir. 2014).

It is undisputed that the pending state criminal proceeding is a judicial one and that it implicates important state interests—namely, New Jersey's "compelling interest in enforcing its criminal laws." *Sixth Angel Shepherd Rescue, Inc. v. Schiliro*, 596 F. App'x 175, 177 (3d Cir. 2015); *see also Battle v. O'Malley*, No. CV157037KMJBC, 2015 WL 7432351, at *3 (D.N.J. Nov. 23, 2015). Dalal's assertion that the second indictment was brought in bad faith and in retaliation for his bail applications is conclusory at best. In support, Dalal argues that the evidence presented to the grand jury demonstrates bad faith due to informant W.S.'s checkered past and alleged issues surrounding the other evidence.[2] At the heart of Dalal's argument is a request that this Court enter an order "concerning . . . the admissibility of evidence in the state criminal proceeding." *Hessein*, 569 F. App'x at 102 (internal quotation marks, alteration omitted). Such a declaration by this Court—as to the validity of evidence—would unduly interfere with the state criminal proceeding.[3] *See id.*

Should Dalal have arguments as to the admissibility of testimony or evidence, he will have the opportunity to raise them to the state court either prior to or at his criminal trial and, if necessary, on appeal. *See Sixth Angel*, 596 F. App'x

---

[2] In particular, Dalal argues that the transcript of a recording between him and W.S. did not contain any "reference to any conspiracy to murder anyone or even a peripheral reference to Delaney" and that the documents found in Dalal's cell, which were submitted to the grand jury, were "undated and unauthenticated" and were "never explicitly alleged" as being authored by Dalal. (Pl. Br. 26-27.)

[3] A jail house informant, even one with a prolific criminal history, is no bar from bringing a legitimate prosecution. However, should Dalal feel that the BCPO is withholding W.S. from being available for trial due to his alleged deportation, Dalal can "address that matter before the state court." *Duran v. Weeks*, 399 F. App'x 756, 758 (3d Cir. 2010); *see also Battle*, 2015 WL 7432351, at *3 ("Additionally, to the extent that [plaintiff] believes that the prosecutors have withheld evidence, he can address that matter before the state court.")

at 177 ("We begin from the assumption that state and federal courts are equally competent in evaluating federal constitutional claims"); *see, e.g., McWhite v. Cohen*, No. CV 15-6702 (JBS), 2015 WL 5996296, at *3 (D.N.J. Oct. 14, 2015). By Dalal's own admission, the appellate procedures available in the New Jersey state courts allowed Dalal to petition (and win) to have his bail lowered. That this was rendered moot by the addition of more charges against Dalal based on his alleged post-conviction actions does not obviate the fact that the state proceeding offers "an adequate opportunity to raise constitutional challenges." *See Sixth Angel*, 596 F. App'x at 177. Furthermore, to the extent that Dalal believes that the BCPO and Prosecutor John Molinelli engaged in prosecutorial misconduct that is typically a claim advanced in state court. *See, e.g., Muldrow v. DeFazio*, No. 06–5486, 2007 WL 496813, at *3 (D.N.J. Feb. 13, 2007). Consequently, Dalal has not presented any extraordinary circumstances that justify intervention by this Court.[4] *See, e.g., Carstarphen v. Camden Cty. Corr. Facility Warden*, No. CIV. 14-4596 RBK, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014) (stating that the "action appears to be an attempt by petitioner to litigate constitutional defenses prematurely in federal court" and that it was "improper at this time to raise these claims in this fashion and such claims do not constitute extraordinary circumstances.")

Thus, since all three *Younger* requirements are met, the Court finds that abstaining from interfering with Dalal's state criminal proceeding is appropriate here. Apart from the preliminary injunction request, Dalal presents no new reason why this Court should put aside its prior ruling and lift the current stay. Accordingly, *Younger* abstention and judicial efficiency still require that Dalal's claims for damages and general relief be stayed pending the outcome of the state criminal proceeding.

---

[4] As for Dalal's argument that the BCPO has failed to bring his case to trial in a timely fashion, Dalal's papers do not evidence that he has petitioned the state court regarding his right to a speedy trial, a type of motion that state courts also routinely hear. *See Duran*, 399 F. App'x at 758 (affirming under *Younger* abstention district court's dismissal of complaint, which alleged a violation of plaintiff's due process and speedy trial rights.) After the instant motion was briefed, on April 29, 2016, the Defendants filed a letter informing the Court that the state court denied Dalal's motion to dismiss the indictments on April 26, 2016. (Docket No. 72.) Consequently, contrary to Dalal's assertions, it appears to the Court that Dalal's state court case is proceeding and that Dalal has—and is availing himself of—the opportunity to raise constitutional challenges.

## III.   CONCLUSION

For the above reasons, Dalal's motion for a preliminary injunction is **DENIED**.  The case will continue to be stayed pending the outcome of Dalal's related state criminal prosecution.  An appropriate order follows.


                                                   /s/ William J. Martini
                                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 6, 2016**